# Fidelity Trust Company, Executor, Appellant, *v.* Cook.

*Landlord and tenant—Distress—Decedent's estates—Custody of law.*

Where a testatrix who had no debts makes a specific bequest of the furniture in a leased house in which he lived to one of the daughters, and the children of decedent and an aunt continued to live in the house after decedent's death under an arrangement by which the aunt was to pay the rent from funds derived from the shares of the children, the landlord may distrain on the furniture for rent which accrued more than a year after the death of the decedent. The furniture in such a case cannot be said to be in the custody of the law.

Argued March 8, 1904. Appeal, No. 9, Feb. T., 1904, by plaintiff, from judgment of C. P. Clinton Co., May T., 1901, No. 213, on verdict for defendants in case of Fidelity Trust Co., Executor of Ida M. Morgan, Deceased, v. Elizabeth M. Cook, C. S. McCormick and James S. Paul, Constable. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Replevin for goods taken in distress for rent.

The opinion of the Superior Court states the case.

Plaintiff presented this point:

4. The uncontradicted evidence and the records in this case show the goods and chattels levied on by said distress warrant were, when so levied upon, in the grasp of the law ; being then in process of administration by the plaintiff, as the executor of Ida M. Morgan, deceased, under the act of February 24, 1834, and said goods and chattels not being liable to distress, the verdict of the jury must be in favor of the plaintiff. *Answer :* This point is refused. It is not based upon the facts and evidence in the case. [1]

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* amongst others was above instruction, quoting it.

*S. D. Ball*, for appellant.—It is a rule, without exception, that a landlord cannot distrain goods which are in the custody of the law : Pierce v. Scott, 4 W. & S. 344; Karns v. McKinney, 74 Pa. 387 ; Gandy v. Dickson, 166 Pa. 422 ; Skiles v. Sides, 1 Pa. Superior Ct. 15.

*R. B. McCormick*, for appellees, cited : Cochran v. Howes, 3 Del. Co. 248; McKim's Est., 2 Clark, 224 ; Mickle v. Miles, 1 Grant's Cases, 320.

OPINION BY HENDERSON J., May 10, 1904 :

The appellant contends that the goods distrained for rent were not liable to such distraint because they were in the custody of the law for purposes of administration. This position is not supported by the facts in the case. Mrs. Morgan died March 18, 1899. Letters testamentary on her will were granted on the 24th of the same month. The final account of the executor was filed March 25, 1900, and confirmed nisi September 26, 1900. The only exception to the account related to the amount of compensation charged by the accountant. The account showed a balance of $177,225.12 for distribution among legatees. In the account the executor claimed credit for the furniture bequeathed to Dorothy Armstrong, the daughter of the testator. The bequest was specific and the residuary estate was first liable for any indebtedness which might-have existed. It does not appear that there was any such indebtedness. The accountant

as trustee for the daughter Dorothy had title to the furniture which was in the actual use and occupancy of the daughter under the directions of the will. The premises were occupied by the children of the testator and an aunt had charge of the household. No duty is imposed on the executor by the will to maintain a home for the family of the testator. It sufficiently appears from the evidence, and without contradiction, that under some family arrangement the home was maintained by the aunt and the children after the death of the testator. The aunt paid the rent from time to time, apparently from funds received from the executor; the payment by the latter presumably having been made on account of the distributive shares of the legatees. The landlord's warrant was directed against Florence Umberger, the aunt, as tenant and was not issued until more than two years after the death of Mrs. Morgan. No part of the rent claimed accrued during the lifetime of Mrs. Morgan nor for more than a year after her death. The goods distrained were on the premises and in use by the occupants of the house.

The authorities cited by the learned counsel for the appellant are not applicable under the facts in this case. They relate to the right of a landlord to distrain for rent due by a deceased tenant while the goods of the tenant are in process of administration. In the case now under consideration the rent was claimed from Mrs. Umberger and the property distrained was liable for the rent. It seems quite clear, from all the facts presented in the case, that the learned judge was correct in his instruction to the jury. The judgment is therefore affirmed.